UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EDDIE BROOKS and JACKIE BROOKS,   )
                                  )
            Plaintiffs,           )
                                  )
    vs.                           )    Case No. 4:11CV01510 AGF
                                  )
LEE KELLY and VEOLIA ENERGY       )
NORTH AMERICA, LLC,               )
                                  )
            Defendants.           )

## MEMORANDUM AND ORDER

This diversity action is before the Court on Plaintiffs' motions (1) for leave to amend the complaint by adding Trigen-St. Louis Energy Corporation ("Trigen"), a Missouri corporation, as a Defendant, and (2) to remand the action to the state court in which it was filed, as the joinder would defeat diversity jurisdiction. For the reasons set forth below, both motions shall be denied.

## BACKGROUND

This action was filed in Missouri state court on July 19, 2011, by Plaintiffs Eddie Brooks ("Brooks") and his spouse Jackie Brooks, both Missouri residents. Brooks asserted claims of employment discrimination, constructive discharge, and hostile work environment, all in violation of the Missouri Human Rights Act and all beginning in March 2008. He alleged that as a result of the discrimination, in 2009 his supervisor changed the structure for overtime pay, which resulted in a pay decrease for Brooks of approximately $30,000 per year. Brooks also asserted a state law claim for negligent

1

infliction of emotional distress, and Jackie Brooks asserted a claim for loss of consortium.

Plaintiffs named two Defendants:  Brooks's employer, Veolia Energy North America, LLC ("Veolia"), a Wisconsin company with its principle place of business in Massachusetts; and his supervisor, Lee Kelley, an Illinois resident.  In each count, Plaintiffs sought the same damages: attorney's fees; lost wages; future earnings; damages for emotional harm, physical harm, and loss of consortium; and punitive damages, all in unspecified amounts.  Prior to filing this lawsuit, Brooks had filed a charge of discrimination against Veolia with the Missouri Commission on Human Rights ("MCHR") on April 21, 2011, and had received a right to sue letter.

On August 31, 2011, Defendants removed the action to this Court, pursuant to 28 U.S.C. §§ 1332 and 1441, based on diversity jurisdiction.  On September 29, 2011, Brooks filed a new charge of discrimination with MCHR which is virtually identical to the April 21, 2011 charge, but which lists Trigen as his employer, rather than Veolia.  On October 3, 2011, Plaintiffs filed the present motion to add Trigen as a defendant, claiming that Trigen was Brooks's true employer and therefore a necessary and indispensable party.  Plaintiffs assert that they filed the action in state court against only Veolia on the mistaken belief that Veolia was "the correct and only defendant-employer" and that this belief was based on information provided by Veolia.  In support of the motion to amend, Plaintiffs submit Brooks's affidavit dated September 29, 2009, in which he attests that his "mistaken belief was based solely" on a company meeting in 2005 at which all employees were told that Trigen no longer existed.  (Doc. No. 20-1.)

On the same day, Plaintiffs filed the motion to remand now under consideration, asserting that with the joinder of Trigen, this Court will not have complete diversity, as required for diversity jurisdiction.  Plaintiffs also assert that the amount in controversy does not exceed $75,000.  They state that if joinder is not permitted, they will pursue a separate action in state court against Trigen, which would result in parallel litigation in federal and state court and potentially inconsistent results.  Plaintiffs assert that "at the outset of the racially disparate treatment, . . . Brooks' pay stubs and wages were distributed via Trigen . . . ."  He explains that upon learning of his mistaken belief, he immediately filed the second charge of discrimination, this time naming Trigen as his employer.[1]

In response to these motions, Defendants claim that Veolia was and is Brooks's sole employer for purposes of this action.  In support of this contention, Defendants have submitted the affidavit of Jack Morrison, who is employed by Veolia as Human Resources Business Partner.  He attests to the following: In 2005, Thermal North America, Inc., acquired the Trigen facility in St. Louis where Brooks was and is employed.  At or around this time, ThermalSource, LLC ("ThermalSource"), a Wisconsin LLC wholly owned by Thermal North America, Inc., was installed as the operating and staffing company responsible for conducting business at and assuming the employment of those who worked at the St. Louis facility.  In June 2007, Veolia acquired Thermal North

---

[1]  The motions to amend and to remand were initially filed on September 12, 2011, but were returned to Plaintiffs because they were not signed.

America, Inc., and all of its holdings, including ThermalSource.  In December 2008, ThermalSource changed its name to Veolia, and filed a notice of such with the Missouri Secretary of State in January 2009.  Veolia continues to use the word "Trigen" for commercial branding purposes at its St. Louis facility.  (Doc. No. 28-1.)

In further support of their position, Defendants have submitted Brooks's 2007 and 2008 W-2 forms, which show ThermalSource as Brooks's employer; and four of Kelley's earnings statements from 2008, 2009, and 2011, which show ThermalSource as his employer in September 2008, Aeolia and ThermalSource as his employers in January and February 2009, and Veolia as his employer in September 2011.  Defendants also argue that the compalint establishes that the $75,000 amount in controversy requirement is met.

In reply, Brooks asserts that he is not a Veolia employee, but rather an employee of its subsidiary, Trigen.  He states that Veolia "did not intervene in any [Trigen] employment matters until April 2011," that "[e]ven after the alleged asset purchase period, [Trigen] continued to operate independently from Veolia," and that "Veolia's 2007 asset purchase of Thermal Source, LLC did not affect [sic] a purchase of [Trigen], because [Trigen] was a wholly owned subsidiary of Thermal Resources of St. Louis." Attached to Plaintiffs reply is a copy of an MHRA right to sue letter dated October 20, 2011, related to Brooks's September 29, 2011 charge listing Trigen as his employer.

## DISCUSSION

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

4

District courts have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds $75,000, excluding costs and interest.  28 U.S.C. § 1332.  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court."  28 U.S.C. § 1447(e).

"Joinder would be required if the plaintiff satisfied Fed. R. Civ. P. 19 by showing that the new parties are necessary and indispensable to a full resolution of the case." *Bailey v. Bayer CropScience L.P.,* 563 F.3d 302, 308 (8th Cir. 2009).  "If a potential defendant, whose joinder would destroy jurisdiction, is determined to be indispensable, the district court must either permit joinder and grant remand under § 1447(e), or dismiss the action pursuant to Rule 19(b).  Only when the potential defendant is deemed dispensable may the district court deny joinder and retain jurisdiction over the action."

In determining whether a party is indispensable, the Eighth Circuit considers the following factors based on Rule 19(b): (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (a) protective provisions in the judgment; (b) shaping the relief; or (c) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.  *Id.*

This Court finds that none of these factors require joinder of Trigen as a necessary or indispensable party, as the record establishes to the Court's satisfaction that Veolia

was  Brooks's employer during the time of the alleged discrimination.

Although joinder is not required here, the Court may permit joinder and remand the action to the State court.  In deciding whether to permit joinder through amendment, the Court should weigh the competing interests of the Defendant in maintaining federal jurisdiction and of the Plaintiffs in joining a party, by considering the extent to which the purpose of the amendment is to obtain a remand, whether the request for the amendment was timely made, whether the plaintiffs will be significantly injured if the amendment is not allowed, and any other factors bearing on the equities.  *Bailey,* 563 F.3d at 309; *Kirk v. MetLife Investors USA Ins. Co.*, No. 1:07CV00140 ERW, 2007 WL 4395632, at *1 (E.D. Mo. Dec. 13, 2007).

Here, Plaintiffs filed their motion to amend soon after Defendants removed the action, and concurrent with their motion to remand.  This suggests that the main purpose of the proposed amendment is to effect a remand, and this factor weighs heavily against Plaintiffs.  *See Kirk*, 2007 WL 4395632, at *2.  The Court finds that the balance of the relevant factors weighs against permitting the joinder of Trigen and remanding the case.

As stated above, Plaintiffs assert in their motion to remand that the amount in controversy does not exceed $75,000.  Where, as here, a complaint alleges no specific amount of damages, a defendant seeking to invoke federal jurisdiction through removal must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Bell v. The Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).  Once the removing party has done so, remand is only appropriate if the plaintiff can establish to a

6

legal certainty that the claim is for less than the requisite amount.  *Id.*  Compensatory damages, punitive damages, statutory costs, and attorney's fees may be aggregated to meet the jurisdictional threshold.  *Crawford v. F. Hoffman–La Roche Ltd.*, 267 F.3d 760, 765-67 (8th Cir. 2001).

Here, the Court concludes that Defendants have met their burden that the amount in controversy exceeds $75,000, especially in light of Plaintiffs' assertion that the alleged discrimination resulted in a pay decrease for Brooks of $30,000 per year.  And Plaintiffs have not established, by a post-removal affidavit or otherwise, to a legal certainty that their claims are for less than the requisite amount.  *See, e.g., Walsh v. J.B. Hunt Transport, Inc.*, 20 F. Supp. 2d 1300, 1301 (E.D. Mo. 1998) (remanding case to state court when such a post-removal affidavit was submitted).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to amend the complaint is **DENIED**. (Doc. No. 19)

**IT IS FURTHER ORDERED** that Plaintiffs' motion to remand this action to the state court in which it was filed is **DENIED**. (Doc. No. 21)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2011.