UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDDIE BROOKS and JACKIE BROOKS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:11CV01510 AGF |
| ) | |
| LEE KELLY and VEOLIA ENERGY ) | |
| NORTH AMERICA, LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This diversity matter is before the Court on two separate motions to dismiss three counts of Plaintiffs' five-count complaint. One motion was filed by Defendant Veolia Energy North America, LLC ("Veolia"), and one was filed by Defendant Lee Kelly. For the reasons set forth below, both motions shall be granted.

**BACKGROUND**

This action was filed by Plaintiffs Eddie Brooks ("Brooks") and his spouse Jackie Brooks. The complaint alleges that Brooks, who is African-American, had been employed by Veolia for several years, when in March 2008, he began experiencing racial discrimination on the job in the form of, among other things, racial slurs from coworkers, which his supervisor, Kelly, did not take action to stop. He further alleges that with discriminatory animus, Kelly changed the structure for overtime pay, with the intended consequence of a pay decrease for Brooks of approximately $30,000 per year; and

1

reassigned Plaintiff to menial non-supervisory tasks.

Brooks claims employment discrimination (Count I), constructive discharge (Count II), and hostile work environment (Count III), all in violation of the Missouri Human Rights Act ("MHRA").  He also asserts a state law claim for negligent infliction of emotional distress (Count IV).  Jackie Brooks asserts a claim for loss of consortium (Count V).  All counts are against both Defendants and seek the same damages: attorney's fees; lost wages; future earnings; and damages for emotional harm, physical harm, and loss of consortium.

Defendants raise the same arguments in their respective motions to dismiss Counts II, IV, and V, for failure to state claims.  They argue that Count II fails to state a claim because Plaintiff is still employed at Veolia, and that Counts IV and V are barred by the Missouri Worker's Compensation Act, which provides the exclusive remedy for work-related injuries, and that in any event, Brooks lacks standing to seek loss of consortium damages.  Plaintiffs have not filed a response to the motions to dismiss, and the time to do so has expired.

## DISCUSSION

To survive a motion to dismiss for failure to state of claim, a complaint "does not need detailed factual allegations," but the allegations must nonetheless "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint "strikes a savvy judge that actual proof

2

of the facts alleged is improbable" and recovery "very remote and unlikely." *Hamilton v. Palm*, 621 F.3d 816, 819 (8th Cir. 2010) (quoting another source). This, however, requires more than mere "labels and conclusions," and the complaint must state a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570.

State law controls this action brought under diversity jurisdiction. *Washington v. Countrywide Home Loans, Inc.*, 655 F.3d 869, 873 (8th Cir. 2011). Thus it is up to this Court to predict how Missouri's highest court would resolve the issues before it. *See Continental Cas. Co. v. Advance Terrazzo & Tile Co.*, 462 F.3d 1002, 1007 (8th Cir. 2006). Decisions of intermediate state appellate courts are persuasive authority that the federal court should follow when they are the best evidence of what state law is. *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006).

Here, Defendants' arguments in support of dismissing Count II are well-taken. Absent the end of employment, there can be no claim for constructive discharge. *See Moisant v. Air Midwest, Inc.*, 291 F.3d 1028, 1032 (8th Cir. 2002) ("To prevail on a claim [under the MHRA] that she was constructively discharged, an employee must show that her employer deliberately created objectively intolerable working conditions with the intention of forcing the employee to resign and that the employee actually resigned as a result of those conditions.")

Dismissal of Counts IV and V is also warranted under Missouri law, which provides that such independent tort claims are preempted by the Missouri Workers' Compensation Act, when, as here, they arise from an employee's work-related

experiences.  *See Hardebeck v. Warner-Jenkinson Co.,* 108 F. Supp. 2d 1062, 1065 (E.D. Mo. 2000) (holding that an independent claim for infliction of emotional distress is preempted); *Giandinoto v. Chemir Analytical Servs., Inc.*, 545 F. Supp. 2d 952, 960 (E.D. Mo. 2007) (same as to claims against employer and supervisor); *Quinn v. Clayton Const. Co.*, 111 S.W.3d 428, 434 n.4 (Mo. Ct. App. 2003) (same as to loss of consortium claim by employee's spouse).  The Court notes that although Count IV must be dismissed, damages for Brooks's alleged emotional distress are compensable under the MHRA as part of the "actual damages" allowed by the statute and are not preempted by the Missouri Workers' Compensation Act.  *See Hardebeck*, 108 F. Supp. 2d at 1065; *Giandinoto*, 545 F. Supp. at 960.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant Veolia Energy North America, LLC, to dismiss Counts II, IV, and V is **GRANTED**.  (Doc. No. 7)

**IT IS FURTHER ORDERED** that the motion of Defendant Lee Kelly to dismiss Counts II, IV, and V is **GRANTED**.  (Doc. No. 9)

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of December, 2011.